IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER JAY SCAPEROTTA, #A6083262,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>OAHU COMMUNITY CORRECTIONAL CENTER, *et al.*,<br><br>　　　　　Defendants. | CIVIL NO. 21-00075 SOM-RT<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER AND DENYING MOTION TO DIRECT OCCC TO PROVIDE ADEQUATE MAILING SUPPLIES |

### ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER AND DENYING MOTION TO DIRECT OCCC TO PROVIDE ADEQUATE MAILING SUPPLIES

Before the Court is pro se Plaintiff Christopher Jay Scaperotta's ("Scaperotta") Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"), ECF No. 2, and his Motion to Direct OCCC to Provide Adequate Mailing Supplies ("Motion"), ECF No. 3. Scaperotta is currently incarcerated at the Kauai Community Correctional Center ("KCCC"). For the following reasons, the IFP Application is GRANTED and the Motion is DENIED.

### I. IFP APPLICATION

Scaperotta qualifies as a pauper, and his IFP Application is GRANTED. *See* 28 U.S.C. § 1915(a)(1). Scaperotta is obligated to pay the full filing fee regardless

of the outcome of this suit. *See* 28 U.S.C. §§ 1915(b)(1) & (e)(2). Scaperotta shall pay an initial partial filing fee of 20% of the greater of: (1) the average monthly deposits to his account; or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, Scaperotta shall make monthly payments equaling 20% of the preceding month's income credited to his account, when the amount in his account exceeds $10.00, until the $350.00 civil filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. MOTION TO DIRECT OCCC TO PROVIDE ADEQUATE MAILING SUPPLIES

Scaperotta also moves the Court to direct the Oahu Community Correctional Center ("OCCC") to provide him with adequate mailing supplies. *See* ECF No. 3. Scaperotta is currently incarcerated at the KCCC, not the OCCC. His Motion is therefore DENIED as moot. *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) ("It is true that when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility."); *Birdwell v. Beard*, 23 F. App'x 884, 884 (9th Cir. 2015) ("The district court properly concluded that [plaintiff's] claims for injunctive and declaratory relief were moot because after bringing this action, [plaintiff] was transferred to another prison where he is no longer subject to the prison policies he challenges.").

IT IS HEREBY ORDERED that:

(1) The Hawaii Department of Public Safety or its designee the Warden of the Kauai Community Correctional Center ("KCCC"), shall calculate, collect, and remit to the Clerk of Court an initial partial payment equaling 20% of Scaperotta's average monthly balance or average monthly deposits to his account, whichever is greater. Thereafter, the Warden or designee shall collect monthly payments equaling 20% of Scaperotta's preceding month's income when the account exceeds $10.00, until the $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). These payments must be identified by the name and number assigned to this action.

(2) The Clerk SHALL serve a copy of this order on Scaperotta, the KCCC Warden and Financial Office, Laurie Nadamoto, Esq., and Shelley Nobriga Harrington, Esq., Department of Public Safety Litigation Coordinators, and submit a copy of this order to the District of Hawaii's Financial Department.

(3) Scaperotta's Motion to Direct OCCC to Provide Adequate Mailing Supplies is DENIED.

IT IS SO ORDERED.

DATED: February 8, 2021 at Honolulu, Hawaii.



/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge