IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER JAY SCAPEROTTA, | Civ. No. 21-00075 SOM-RT |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |
| v. | |
| OAHU COMMUNITY CORRECTIONAL CENTER, *et al.*, | |
| Defendants. | |

**ORDER DISMISSING COMPLAINT WITH
PARTIAL LEAVE TO AMEND**

Before the Court is Plaintiff Christopher Jay Scaperotta's ("Scaperotta")

prisoner civil rights complaint ("Complaint") brought pursuant to 42 U.S.C.

§ 1983.[1]  ECF No. 1.  Scaperotta alleges that Defendants[2] violated his civil rights during his incarceration at the Oahu Community Correctional Center ("OCCC").[3]  For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) with partial leave granted to amend.

## I. STATUTORY SCREENING

The Court is required to screen all in forma pauperis pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018) (per curiam); *see also Lopez v. Smith*, 203 F.3d 1122,

---

[1] This is one of eighteen actions that Scaperotta has filed in this court since December 2020.  *See Scaperotta v. Kauai Police Dep't*, No. 20-00542 LEK-KJM (D. Haw.); *Scaperotta v. Rhue*, No. 20-00544 DKW-KJM (D. Haw.); *Scaperotta v. State of Vermont*, No. 20-00545 JMS-RT (D. Haw.); *Scaperotta v. Kauai Police Dep't*, No. 20-00546 DKW-RT (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, No. 20-00548 DKW-RT (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, No. 20-00549 JMS-KJM (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, No. 20-00550 JMS-RT (D. Haw.); *Scaperotta v. Wagatsuma*, No. 20-00551 JAO-RT (D. Haw.); *Scaperotta v. Oahu Cmty. Corr. Ctr.*, No. 21-00061 JMS-RT (D. Haw.); *Scaperotta v. Sequeira*, No. 21-00069 JMS-KJM (D. Haw.); *Scaperotta v. Haw. U.S. Dist. Ct.*, No. 21-00073 HG-RT (D. Haw.); *Scaperotta v. Kanehailua*, No. 21-00074 DKW-WRP (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, No. 21-00085 DKW-RT (D. Haw.); *Scaperotta v. Wagatsuma*, 21-00097 HG-KJM (D. Haw.); *Scaperotta v. Colobong*, No. 21-00102 JMS-WRP (D. Haw.); *Scaperotta v. Charles*, 21-00107 DKW-KJM (D. Haw.); *Scaperotta v. Viohle*, No. 21-00108 HG-KJM (D. Haw.).

[2] Scaperotta names in their official capacities the Oahu Community Correctional Center ("OCCC"), the Department of Public Safety ("DPS"), Dr. Richard Banner, and the "Food Service Department of OCCC."  ECF No. 1 at PageID ## 1–3.

[3] Scaperotta is currently out of custody and on probation.

1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See id.* at 1126–27; *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Dismissal of a complaint for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam); *see also Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

Rule 12 is read in conjunction with Federal Rule of Civil Procedure 8(a)(2) when screening a complaint; Rule 8 "requires only 'a short and plain statement of

the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the defendant-unlawfully-harmed-me accusation," falls short of meeting this plausibility standard. *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. BACKGROUND[4]

Scaperotta alleges that: (1) he was allowed to visit the law library only once (Count I); (2) he was "rarely seen by sick call" (Count II); (3) he did not receive

---

[4] Scaperotta's factual allegations are accepted as true. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

kosher meals (Count III); and (4) safety precautions were not implemented to limit the spread of COVID-19 (Count IV). ECF No. 1 at PageID ## 6–9. Scaperotta seeks $500 million in compensatory damages, $200 million in "nominal/punitive" damages, and $300 million in "personal injury" damages. *Id.* at PageID # 10. He also seeks unspecified injunctive relief and an "assessment/investigation." *Id.*

### III.  DISCUSSION

**A.  Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Thus, a plaintiff must allege

that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

## B.  Eleventh Amendment Immunity

Scaperotta names the OCCC, the DPS, Dr. Richard Banner in his official capacity, and the "Food Service Department of OCCC." ECF No. 1 at PageID ## 1–3.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Any claims against the DPS, the OCCC, and the "Food Service Department of OCCC" are barred by the Eleventh Amendment and DISMISSED with prejudice.  *See Blaisdell v. Haw. Dep't of Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) ("The district court properly dismissed [plaintiff's] action against the

6

Hawaii Department of Public Safety because it is barred by the Eleventh Amendment." (citation omitted)); *Rowan v. Dep't of Pub. Safety O.C.C.C.,* 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety (DPS) ... nor OCCC, a jail, are ... subject to suit under the Eleventh Amendment.").

To the extent Scaperotta seeks damages from Dr. Banner in his official capacity, those claims are also barred by the Eleventh Amendment and DISMISSED with prejudice. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity."). Scaperotta may file an amended pleading that names a proper defendant or defendants. To the extent Scaperotta seeks damages, he must name in his or her individual capacity a defendant or defendants who allegedly deprived him of rights secured by the Constitution or federal statutes.[5] *See id.*, 818 F.3d at 442 (explaining that the Eleventh Amendment does not "bar claims for damages against state officials in their personal capacities").

---

[5] Although "courts have recognized an exception to the Eleventh Amendment bar for suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law," *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000), Scaperotta does not allege that he is seeking to enjoin an ongoing violation of federal law. Nor could he, based on the facts alleged in the Complaint, because Scaperotta is no longer in custody.

C. <u>**Improper Joinder**</u>

A party asserting a claim may join, as independent or alternative claims, as many claims as it has against an opposing party. Fed. R. Civ. P. 18. "To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties." *Weeks v. Espinda*, No. 10-00305 JMS/KSC, 2010 WL 2218631, at *3 (D. Haw. June 2, 2010). Federal Rule of Civil Procedure 20(a)(2) allows joinder of defendants only if the following two requirements are met: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2)(A)–(B); *Stribling v. Tobias*, 690 F. App'x 972, 973 (9th Cir. 2017). Unrelated claims involving different defendants belong in different suits. *See What v. Honolulu Police Dep't*, No. 13-00373 HG-RLP, 2014 WL 176610, at *4–5 (D. Haw. Jan. 13, 2014).

Scaperotta asserts a variety of unrelated claims in this action. He alleges that: (1) he was allowed to visit the law library only once (Count I); (2) he was "rarely seen by sick call" (Count II); (3) he did not receive kosher meals (Count III); and (4) safety precautions were not implemented to limit the spread of COVID-19 (Count IV). ECF No. 1 at PageID ## 6 –9. These varied claims have no apparent connection to the actions of a single defendant. *See* Fed. R. Civ. P. 18.

Moreover, they do not arise out of the same transaction or occurrence, nor do they share a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2). Instead, the only apparent connection between these varied claims is that they are based on events that allegedly occurred at the OCCC. This is not enough.

If Scaperotta chooses to file an amended pleading, any claim asserted therein must be permitted by either Rule 18 or Rule 20. Scaperotta may state a single claim against a single defendant. Pursuant to Rule 18, Scaperotta may then add any additional claims to his action that are against the same defendant. Fed. R. Civ. P. 18(a). Scaperotta may also add any additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2).

Scaperotta may not pursue a combination of unrelated claims in a single suit. *See Char v. Kaiser Hosp.*, 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions."). He may, however, raise any unrelated claims in a separate action or actions. *See D'Agirbaud v. Kam*, 2020 WL 3258408, at *5 (D. Haw. June 16, 2020) (explaining that dismissing complaint for misjoinder allowed plaintiff "to decide which *related* claims he will pursue in *this* action, and which claims he will bring in a new action"). Any attempt to join claims that are not permitted by the

9

Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

### D. Rule 8

Rule 8 states that a pleading "must contain" a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Scaperotta's various claims do not satisfy Rule 8. Scaperotta fails to identify who allegedly violated his rights and when they allegedly did so. If Scaperotta chooses to file an amended pleading, he must comply with Rule 8 by describing who allegedly violated his rights, and when and how they did so. Thus, in each count, Scaperotta must describe exactly what each defendant did or did not do to violate his rights.

## IV. **NOTICES**

To allow Scaperotta to decide whether to file an amended pleading or to dismiss his claims voluntarily, the Court provides the following legal standards. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." (internal quotation marks and citation omitted)).

### A. First Amendment

Scaperotta alleges in Count I that unidentified prison officials denied him access to the law library.[6]  ECF No. 1 at PageID # 6.  He alleges in Count III that unnamed prison officials denied him a kosher diet.  *Id.* at Page ID # 8.

#### *1. Access to the Courts*

"The First Amendment guarantees a prisoner . . . a right of meaningful access to the courts." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015). Claims for the denial of access to the courts may arise from the hindrance of "a litigating opportunity yet to be gained" or from the loss of a suit that cannot now be tried." *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).  As a threshold requirement to an "access to the courts" claim, a plaintiff must allege an "actual

---

[6] Although Scaperotta cites the Sixth Amendment and Eighth Amendment in Count I, it is the First Amendment that guarantees a prisoner a right of meaningful access to the courts.

injury." *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348 (internal quotation marks and citation omitted). Failure to allege an actual injury to a "'non-frivolous legal claim'" is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

### 2. *Free Exercise Clause*

"A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of [his] religion." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "[A] substantial burden must place more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013) (internal quotation marks and alteration omitted).

"To ensure that courts afford appropriate deference to prison officials, the Supreme Court has directed that alleged infringements of prisoners' free exercise rights be judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *Jones*, 791 F.3d at 1032 (internal quotation marks and citation omitted). "The challenged

conduct is valid if it is reasonably related to legitimate penological interests." *Id.* (internal quotation marks and citation omitted).

The factors to be considered in assessing the reasonableness of practices that burden prisoners' constitutional rights are well established: (1) whether there is a "'valid, rational connection'" between the conduct of prison officials and "the legitimate governmental interest put forward to justify it"; (2) "whether there are 'alternative means of exercising the right that remain open to prison inmates'"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether there are "ready alternatives" to the prison's practice. *Ward v. Walsh*, 1 F.3d 873, 876 (9th Cir. 1993) (quoting *Turner v. Safley*, 482 U.S. 78, 89–90 (1987)).

## B.  Eighth Amendment

Scaperotta alleges in Count II that unidentified prison officials denied him medical care. ECF No. 1 at PageID # 7. He alleges in Count IV that unnamed prison officials did not take adequate precautions to combat COVID-19. *Id.* at PageID # 9.

### 1.  *Conditions of Confinement*

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in

13

prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). In its prohibition on "cruel and unusual punishments," the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates[.]" *Id.* (internal quotation marks and citations omitted); *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009).

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious"—that is, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities[.]'" *Farmer*, 511 U.S. at 834; *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Second, the prison official must have a sufficiently culpable state of mind. "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety[.]" *Farmer*, 511 U.S. at 834 (citations omitted). Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

### 2. *Denial of Medical Care*

"To establish a claim of inadequate medical care, a prisoner must first show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785 (9th Cir. 2019) (per curiam) (internal quotation marks omitted). "If . . . a prisoner establishes a sufficiently serious medical need, that prisoner must then show the [official's] response to the need was deliberately indifferent." *Id.* at 786 (internal quotation marks omitted and brackets in original). "An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment." *Id.* "To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Id.* (internal quotation marks omitted and brackets in original).

## IV.  **LEAVE TO AMEND**

The Complaint is DISMISSED with partial leave granted to amend. Scaperotta may file an amended complaint on or before **April 14, 2021,** that names

a proper defendant and attempts to cure the deficiencies in his claims. Scaperotta may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the original Complaint. Claims that do not properly relate to his original pleading are subject to dismissal.

Scaperotta must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which require an amended complaint to be complete itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012). If Scaperotta fails to timely file an amended complaint that cures the deficiencies in his claims, this action may be dismissed, and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[7]

---

[7] Section 1915 (g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

## V. **CONCLUSION**

(1)  The Complaint is DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2)  Scaperotta's claims against the Department of Public Safety, the Oahu Community Correctional Center, the "Food Service Department of OCCC," and Dr. Banner in his official capacity are DISMISSED with prejudice.

(3)  Scaperotta may file an amended pleading that attempts to cure the deficiencies in his claims on or before **April 14, 2021.**

(4)  If Scaperotta chooses to file an amended pleading, he must decide which *related* claims he will pursue in *this* action, which claims he will bring in a new action or actions, and which claims he may forgo.

(5)  The Clerk is directed to send Scaperotta a blank prisoner civil rights complaint form so that he can comply with the directions in this Order if he chooses to amend his Complaint.

---

United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

(6)  If Scaperotta fails to timely file an amended complaint that cures the deficiencies in his claims, this action may be AUTOMATICALLY DISMISSED without further notice, and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 15, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge